IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| DE LAGE LANDEN FINANCIAL ) | |
| SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL NO. 1:10cv567 LG-RHW |
| v. ) | |
| ) | |
| CEDAR LAKE ONCOLOGY, LLC; ) | |
| BILOXI RADIATION ONCOLOGY ) | |
| CENTER, LLC; LAURENCE G. ) | |
| LINES; and ERIC DAHLHAUSER ) | |
| ) | |
| Defendants. ) | |

## ORDER AND JUDGMENT

THIS MATTER comes before the Court on De Lage Landen Financial Services, Inc.'s ("DLL") Motion for Judgment [40]. After considering the motion, the Court finds the Motion for Judgment is well-taken and should be granted. The Court finds and rules as follows:

1.     The Court granted DLL's Motion for Writ of Replevin [Doc. 2] and Supplemental Motion for Writ of Replevin [Doc. 26] on January 12, 2001. On May 9, 2011, the Court entered the Consent Decree [Doc. 39] (the "Consent Decree") at the joint request of DLL and Defendants Cedar Lake Oncology, LLC ("Cedar Lake"), Biloxi Radiation Oncology Center, LLC ("Biloxi Radiation"), and Laurence G. Lines ("Lines") (collectively, the "Consent Decree Defendants");

2. DLL and the Consent Decree Defendants do not object to the jurisdiction of this Court over the parties. DLL and Consent Decree Defendants agree that the Consent Decree is fair, reasonable, and does not violate the law or public policy;

3. The Consent Decree Defendants failed to make payments totaling $232,907.12, $112,907.12 of which was due on or before May 1, 2011 and $120,000 of which was due on or before May 5, 2011 pursuant to the Consent Decree. DLL provided notice to the Consent Decree Defendants of their failure to fulfill their obligations under the Consent Decree and DLL provided notice of its intent to retrieve the equipment from the Consent Decree Defendants;

4. The Consent Decree Defendants agreed that if any payment was more than fifteen (15) days late, judgment could be entered against them for the full amount due at the time, including attorney's fees, plus a final judgment for DLL to have possession of the equipment.

5. The Consent Decree Defendants have defaulted on their lease agreements with DLL. The Consent Decree Defendants have also not fulfilled their obligations under the Consent Decree. Namely, the Consent Decree Defendants have not paid the $120,000 due within five days of the execution the Consent Decree, have not paid the $47,178.62 May lease payment, and have not paid the $65,728.50 due for their April lease payment and March and April past due monthly payments. The Consent Decree Defendants have also not provided proof of personal property insurance, granted a deed of trust to DLL, or signed a debt subordination

agreement, all of which the Consent Decree Defendants agreed to do pursuant to the Consent Decree.

THEREFORE, IT IS ORDERED that DLL's Motion for Judgment [40] against Cedar Lake Oncology, LLC, Biloxi Radiation Oncology Center, LLC, and Laurence G. Lines is **GRANTED**, and DLL shall recover from these defendants $3,262,062.70 plus attorney's fees and costs. The Court expressly determines that there is no just reason for delay, and that final judgment should be entered in favor of DeLage Landen Financial Services, Inc., against Cedar Lake Oncology, LLC, Biloxi Radiation Oncology Center, LLC, and Laurence G. Lines pursuant to Fed. R. Civ. P. 54(b).

IT IS FURTHER ORDERED that Cedar Lake Oncology, LLC, Biloxi Radiation Oncology Center, LLC, and Laurence G. Lines shall voluntarily surrender possession of the equipment by May 31, 2011 and waive any bonding requirement, with Cedar Lake Oncology, LLC, Biloxi Radiation Oncology Center, LLC, and Laurence G. Lines to bear all costs of DLL's repossession of the equipment.

IT IS FURTHER ORDERED that DeLage Landen Financial Services, Inc.'s claims against Defendant Eric Dahlhauser remain pending.

**SO ORDERED AND ADJUDGED** this the 24th day of May, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE